OPINION
{¶ 1} Defendant-appellant, Troy Brian Wolford, appeals from an entry of the Franklin County Court of Common Pleas re-sentencing him after a jury found him guilty of four counts of robbery in violation of R.C. 2911.02 and two counts of theft in violation of R.C. 2913.02. For the following reasons, we reverse appellant's re-sentencing and again remand the matter for sentencing in compliance with the applicable sentencing statutes.
 {¶ 2} After a jury trial, appellant was found guilty of the above charges and sentenced accordingly. On appeal to this court, we found that appellant's convictions were supported by sufficient evidence, but we also found that the trial court failed to make the findings required by R.C.2929.14(E)(4) for imposing consecutive sentences. State v. Wolford (Dec. 28, 2000), Franklin App. No. 00AP-378. Therefore, we remanded the matter to the trial court for re-sentencing in compliance with the applicable sentencing statutes.
 {¶ 3} On remand, the trial court sentenced appellant to eight years for one of the counts of robbery, a felony of the second degree, and three years for each of the two other counts of robbery, both felonies of the third degree. The state elected not to have appellant sentenced for the fourth count of robbery. Appellant was also sentenced to 18 months for each of the two counts of theft, both felonies of the fifth degree. The trial court ordered the three robbery sentences to be served consecutively for a total of 14 years in prison, while the two theft sentences were ordered to run concurrently with the robbery sentences.
 {¶ 4} Appellant appeals, assigning the following errors:
 {¶ 5} "[1.] The trial court erred when it failed to properly first consider the imposition of the shortest prison term for an offender who has never served a previous prison term.
 {¶ 6} "[2.] The trial court erred when it imposed a maximum sentence without making a finding and giving the reasons why a maximum sentence should be imposed.
 {¶ 7} "[3.] The trial court erred when it failed to make sufficient findings, supported by the record, to justify the imposition of consecutive sentences.
 {¶ 8} "[4.] The trial court erroneously sentenced the defendant to mandatory prison terms.
 {¶ 9} "[5.] The trial court erred when it entered judgment of convictions and sentenced the defendant on both the theft and robbery charges in violation of R.C. 2941.25, the allied offense statute, and in violation of the state and federal constitutional prohibitions against the imposition of multiple punishments.
 {¶ 10} "[6.] The trial court erred when it imposed a prison term of eighteen months each on the two theft convictions when the maximum term allowed by law for a fifth-degree felony is one year."
 {¶ 11} Preliminarily, we note that the state concedes error on appellant's fourth and fifth assignments of error, which in turn renders appellant's sixth assignment of error moot. Therefore, appellant's fourth and fifth assignment's of error are sustained, and appellant's sixth assignment of error is rendered moot. App.R.12(C).
 {¶ 12} Appellant's first and second assignments of error will be addressed together. Appellant contends that the trial court erred by: (1) failing to make the findings required by R.C. 2929.14(B) when it imposed a prison term longer than the shortest prison term authorized; and (2) failing to make the findings required by R.C. 2929.14(C) when it imposed the maximum prison term. Appellant's second-degree felony robbery conviction was punishable by a prison term of not more than eight years and not less than two years. R.C. 2929.14(A)(2). He received the maximum sentence of eight years in prison for that robbery conviction. Appellant's third-degree felony convictions were punishable by a prison term of not more than five years and not less than one year. R.C.2929.14(A)(3). He received three years for each of those convictions.
 {¶ 13} This court has recently adopted a line of cases holding that, "if a trial court complies with the sentencing requirements contained in R.C. 2929.14(C), the findings set forth in (B) are not required." State v. Evans, Franklin App. No. 02AP-230, 2002-Ohio-6559, at ¶ 14; see, also, State v. Gladden (Jan. 4, 2001), Cuyahoga App. No. 76908; State v. Palmer (Nov. 19, 2001), Mahoning App. No. 99CA6; State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512. Therefore, because the trial court sentenced appellant to the maximum prison term of eight years for his second-degree felony robbery conviction, we need only determine whether the trial court complied with R.C. 2929.14(C) in imposing that maximum prison term.
 {¶ 14} R.C. 2929.14(C) allows for the imposition of the maximum prison term only on offenders who "committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders." The trial court is required to make one of these findings under R.C. 2929.14(C) to impose a maximum prison term. In addition, the trial court must state its reasons for those findings pursuant to R.C. 2929.19(B)(2)(d). State v. Patterson (Dec. 14, 1999), Franklin App. No. 99AP-105. In the case at bar, the trial court imposed the maximum prison term on appellant for the second-degree felony robbery conviction without making any of the required findings or stating its reasons for imposing such a sentence. Therefore, appellant's second assignment of error is sustained.
 {¶ 15} With respect to the two third-degree felony robbery convictions, we note that appellant was not sentenced to the maximum prison term authorized. R.C. 2929.14(A)(3). Nor did appellant receive the shortest prison term authorized. Id. Therefore, we look to R.C. 2929.14(B) to determine whether the trial court made the required findings in imposing prison terms greater than the shortest prison term authorized, as appellant has not previously served a prison term.
 {¶ 16} In order to impose a prison term greater than the shortest prison term authorized on an offender who has not previously served a prison term, the trial court must find on the record that the shortest term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. R.C. 2929.14(B). The trial court failed to make either of these findings with respect to the sentences imposed for the third-degree robbery convictions. Therefore, appellant's first assignment of error is sustained.
 {¶ 17} Finally, appellant contends in his third assignment of error that the trial court failed to make the findings required by R.C.2929.14(E)(4) to impose consecutive sentences. The trial court must make specific findings under R.C. 2929.14(E)(4) and state its reasons for making those findings in order to impose consecutive sentences. R.C.2929.19(B)(2)(c); State v. Scott, Franklin App. No. 01AP-801, 2002-Ohio-2251, at ¶ 8-12. R.C. 2929.14(E)(4) provides that the trial court may require an offender to serve consecutive prison sentences if it finds: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) that any of the following apply:
 {¶ 18} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 19} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 20} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 21} While the sentencing statutes do not require "rote incantations" of specific language, they do require the trial court to clearly set forth its findings, as well as include a cogent explanation of the reasons supporting those findings. State v. Aliane, Franklin App. No. 01AP-1110, 2002-Ohio-2932, at ¶ 48. In sentencing appellant, the trial court noted that consecutive sentences were being imposed "to protect the public from future offenses" and that the sentence "is not disproportionate to the seriousness of the offenses." There was no finding that consecutive sentences were not disproportionate to the danger the offender poses to the public. R.C. 2929.14(E)(4). Further, the trial court failed to clearly state on the record any of the additional findings required under R.C. 2929.14(E)(4)(a), (b) and (c). The trial court noted that the harm appellant caused was very unusual. However, it did not make a finding that, because of this unusual harm, no single prison term would adequately reflect the seriousness of appellant's conduct. Id. at (b). The trial court simply stated that appellant "absolutely fits (b)." The trial court then noted appellant's criminal history. However, again, the trial court did not make the required finding that such history demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id. at (c). The trial court only noted that appellant "clearly fits (c)." Merely citing to the statutory section without making the specific findings required by the statute is not sufficient to impose consecutive sentences. Without making the required findings, the trial court failed to comply with R.C. 2929.14(E)(4) in imposing consecutive sentences. Because of this failure, we need not address whether the trial court stated sufficient reasons for imposing consecutive sentences as required by R.C. 2929.19(B)(2)(c). Appellant's third assignment of error is sustained.
 {¶ 22} In conclusion, having sustained appellant's first, second, third, fourth and fifth assignments of error and rendering appellant's sixth assignment of error moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter for re-sentencing in compliance with the applicable sentencing statutes.
Judgment reversed and remanded for re-sentencing.
BRYANT and DESHLER, JJ., concur.